IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-03118-M-RJ

MICHAEL D. OXENDINE,                    )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )          ORDER
                                        )
SGT. S. SUMMERS, et al.,                )
                                        )
            Defendants.                 )

On April 12, 2023, Michael D. Oxendine ("plaintiff"), a state inmate proceeding *pro se*

and without prepayment of fees, see [D.E. 8, 12], filed a motion to appoint counsel, Mot. [D.E. 1].

Pursuant to an order of deficiency, Order [D.E. 5], plaintiff moved for leave to file an amended

complaint, Mot. [D.E. 6], and subsequently filed a corrected complaint under 42 U.S.C. § 1983,

Compl. [D.E. 7].   On August 21, 2023, plaintiff moved for entry of default.   Mot. [D.E. 14].

The court now DENIES AS PREMATURE the motion for entry of default [D.E. 14],

GRANTS the motion for leave to file an amended complaint [D.E. 6], see Fed. R. Civ. P. 15(a),

conducts its initial review under 28 U.S.C. § 1915A of the corrected complaint, and, for the reasons

discussed below, allows the action to proceed in part.

Legal Standard:

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court

must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief

may be granted."   28 U.S.C. § 1915A(a), (b)(1).   A frivolous case "lacks an arguable basis either

in law or in fact."   Neitzke v. Williams, 490 U.S. 319, 325 (1989).   Legally frivolous claims are

"based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A *pro se* plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

### Plaintiff's Corrected Complaint:

Plaintiff generally alleges violations of his Eighth and Fourteenth Amendment rights at Johnston C.I., and names as defendants Sgt. S. Summers ("Summers") and Correctional Officer John Doe ("Doe"). See Corrected Compl. [D.E. 7] at 3, 5.

2

Plaintiff specifically alleges: on June 3, 2022, he was assaulted by Summers "with brute force" while Doe "did nothing to stop the assault"; Summers "would not get [him] medical when [he] said [he] couldn't [breathe] and complained about chest pain, head & back pain when [he] was swelling around face, head, neck & back [sic]"; plaintiff's "body was & shirt was drench[ed] from the close quarter [he] was put in with no ventilated system" when a officer took [him] out because of not able to breath [sic]"; a report indicates Summers assaulted plaintiff when he "was no threat or acting disruptively"; Summers directed officers to put plaintiff in a "hot box" which made it hard to breathe as it was over 90 degrees that day; Summers left the area; after plaintiff complained about feeling like he would die, non-defendant Officer Leach ("Leach") observed plaintiff sweating and let him out of the small room to get water and cool down in front of a fan; Doe informed Summers that Leach had let plaintiff out of the "hot box," and Summers stated, "I'm coming to beat his ass"; plaintiff was afraid because Summers "was known for abusive & assaultive behavior" and had just returned to work from a temporary suspension; plaintiff asked Doe to move his handcuffs to the front, Doe said, "no," and plaintiff "move[d] them to the front because [he] foreseen destruction [sic]"; Summers returned to restrictive housing and was using profane language and "being aggressive"; Summers told plaintiff to return to the room, he complained he could not breathe, and she said she did not give a [expletive]; plaintiff told Summers Leach had allowed him to sit outside the room and Summers said she didn't give a [expletive] because she tells Leach what to do; Summers "yanked [plaintiff] out of the chair, forcing [his] neck to pop [sic]"; plaintiff said, "please don't do this," and Summers "got in [his] face yelling," pushed him, and "started to hit [him] with close hands [sic]" and push him "with full force & [his] back hit the wall"; plaintiff "balled to stop [Summers] from hitting [him] in the face"; Summers

3

Case 5:23-ct-03118-M-RJ   Document 15   Filed 10/26/23   Page 3 of 6

"began clutching & jumping up & down on [his] neck; plaintiff "stated for [Doe] to help [him] stop [Summers] but he didn't"; plaintiff "was trying to get back in the room but [Summers] continued to hit [him] with closed fist"; plaintiff "asked to see medical and was told 'no' by both" Summers and Doe; Doe said, "I hope you die in there"; "you can see [Summers and Doe] slapping hands after the assault"; Leach returned to restrictive housing, saw plaintiff in the "hot box," and said, "it's too hot in there for him" and "he needs to go to medical[,] look at him"; Summers said, "don't worry about him & don't let him out or don't call medical," and then she left; after Summers left, Leach "got on the phone & called for help for" plaintiff; plaintiff was taken to medical for an examination "because of bruising, swelling, & scarring to [his] face, neck, head & back" and "also for heat exhaustion"; and this event resulted in physical limitation and restriction due to neck and back pain and re-injury to his back. Id. at 5–7.

For relief, plaintiff seeks, *inter alia*, compensatory, nominal, and punitive damages, as well as costs in this suit. Id. at 8.

Discussion:

Plaintiff's Eighth Amendment claims alleging excessive force and deliberate indifference as to Sgt. Summers, and deliberate indifference and failure-to-intervene as to Officer John Doe, are not clearly frivolous. See Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam); Whitley v. Albers, 475 U.S. 312, 321 (1986); Estelle v. Gamble, 429 U.S. 97, 104 (1976); Brooks v. Johnson, 924 F.3d 104, 110 (4th Cir. 2019) (noting a failure-to-intervene claim alleges a theory of "bystander liability [which] . . . permits relief against an officer who (1) is confronted with a fellow officer's illegal act, (2) possesses the power to prevent it, and (3) chooses not to act" (citation omitted)); Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008).

4

Plaintiff's complaint, however, fails to state a cognizable Fourteenth Amendment due process claim. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"); cf. Sandin v. Conner, 515 U.S. 472, 484, 487 (1995).

Finally, the court considers plaintiff's motion to appoint counsel. Mot. [D.E. 1]. In support, plaintiff asserts that he is unable to afford counsel, imprisonment will limit his ability to litigate, he has limited access to a law library and little knowledge of the law, he "is considered mental health [sic]," the issues in this case are complex, any trial would involve conflicting testimony, counsel could better present evidence and cross examine witnesses at trial, and he has made repeated, unsuccessful efforts to hire a lawyer. Id. at 1.

No right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989). In *pro se* civil cases, such "exceptional circumstances" arise when the movant lacks capacity to represent himself; this is a determination by the court that "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163.

Because this case is not complex and the filings show he possesses the capacity to proceed *pro se*, plaintiff fails to demonstrate the required "exceptional circumstances." Cf. id. Thus, the court DENIES this motion for appointment of counsel [D.E. 1].

### Conclusion:

In sum, the court: DENIES the motion to appoint counsel [D.E. 1]; GRANTS the motion for leave to file an amended complaint [D.E. 6]; DENIES AS PREMATURE the motion for entry

5

of default [D.E. 14]; DISMISSES plaintiff's claims premised on alleged Fourteenth Amendment due process violations; ALLOWS plaintiff's Eighth Amendment claims to proceed against Summers and Officer John Doe on the grounds noted above; DIRECTS the clerk to continue management of the action as to Summers under Standing Order 14-SO-02, but to stay service on Officer John Doe until plaintiff identifies him; and, if service under this standing order fails, DIRECTS the United States Marshals Service to make service pursuant to 28 U.S.C. § 1915(d).

SO ORDERED this 26th day of October, 2023.

RICHARD E. MYERS II
Chief United States District Judge