IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-03118-M-RJ

MICHAEL D. OXENDINE, )
　)
　　　Plaintiff, )
　)
v. ) ORDER
　)
SGT. S. SUMMERS, et al., )
　)
　　　Defendants. )

    This cause is before the court for resolution of some of plaintiff's various pending motions. See [D.E. 56, 57, 74, 79]. Plaintiff's remaining motions will be addressed in a forthcoming order.

Discussion:

    The court first considers plaintiff's self-styled "affidavit & statement of facts & permission to subpoena documents & witnesses to testify [sic]." Mot. [D.E. 56].

    Although he seeks to subpoena medical records held by a third-party emergency room in Elizabeth City, North Carolina, from a time-frame when he was housed at Pasquotank C.I., see id., plaintiff has neither shown the relevance of these records nor that they can be obtained only via a subpoena, see Ronell v. Cabbagestock, No. CV 0:20-871-DCN-PJG, 2020 WL 6802909, at *2 (D.S.C. Nov. 18, 2020) ("The court's authorization of a subpoena *duces tecum* requested by an *in forma pauperis* plaintiff is subject to limitations, including the relevance of the information sought as well as the burden and expense to a person subject to the subpoena." (citations omitted)).

    Plaintiff also seeks to subpoena two unknown officers. See Mot. [D.E. 56]. To the extent plaintiff is seeking witnesses to testify at trial, the request is premature. To the extent plaintiff instead seeks to depose these witnesses, he has not "demonstrate[d] that he can meet the

requirements for taking depositions on written discovery, including to retain an appropriate officer capable of administering an oath and the written depositions questions; serving the subpoenas on the non-party witnesses to be deposed; and paying witness fees where applicable[.]" Eggleston v. Mitchell, No. 1:12-CV-1220, 2013 WL 5351053, at *6 (M.D. Pa. Sept. 23, 2013); see McClary v. Lightsey, No. 5:14-CT-3039-FL, 2016 WL 497929, at *4 (E.D.N.C. Feb. 8, 2016). Accordingly, the court DENIES WITHOUT PREJUDICE this motion [D.E. 56].

Next, the court turns to plaintiff's motion for appointment of counsel. Mot. [D.E. 57]. In support, plaintiff argues, *inter alia*, that: he cannot afford counsel; he has limited access to a law library; his case has merit; he has unsuccessfully sought representation; he does not know how to subpoena documents or trial witnesses; he has mental disorders; he no longer has a jailhouse lawyer resource; and an attorney would help him with his case. See id.

There is no right to counsel in civil cases absent "exceptional circumstances." Jenkins v. Woodard, 109 F.4th 242, 247 (4th Cir. 2024); see Whisenant v. Yaum, 739 F.2d 160, 163 (4th Cir. 1984) (noting exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it" (quotation omitted)), abrogated in part on other grounds by Mallard v. U.S. Dist. Court for S. Dist. Court for S. Dist. Of Iowa, 490 U.S. 296, 300 n.2 (1989).

Exceptional circumstances exist where "the plaintiff 'has a colorable claim'" and "considering the claim's objective complexity and the plaintiff's subjective abilities, . . . the plaintiff 'lacks the capacity to present it.'" Jenkins, 109 F. 4th at 247 (quotation omitted). In making this determination, the court assesses: "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Id. at 248.

2

Contra plaintiff's assertions this case is not complex. His claims, although nonfrivolous, are not difficult and his filings show that he is able to adequately present these claims. Cf. id. Accordingly, the court DENIES this motion for appointment of counsel [D.E. 57].

Next, plaintiff moves to dismiss as premature his pending motion for summary judgment. Mot. [D.E. 79]; see Mot. [D.E. 74]. The court GRANTS this motion to dismiss [D.E. 79], and DISMISSES WITHOUT PREJUDICE plaintiff's motion for summary judgment [D.E. 74].

Finally, the court notes publicly available records reflect that plaintiff was released from state custody on September 1, 2025. See N.C. Dpt. of Adult Correction, Pub. Offender Info., https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0749365&searchOffenderId=0749365&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (visited Sept. 2, 2025). The court REMINDS plaintiff that the court's Local Civil Rule 83.3 requires him to provide his updated address within two weeks of his release.

## Conclusion:

In sum, the court: DENIES WITHOUT PREJUDICE plaintiff's motion for subpoenas [D.E. 56]; DENIES plaintiff's motion to appoint counsel [D.E. 57]; GRANTS plaintiff's motion to dismiss as premature his motion for summary judgment [D.E. 79]; DISMISSES WITHOUT PREJUDICE plaintiff's motion for summary judgment [D.E. 74]; and WARNS plaintiff that the action may be dismissed without prejudice for failure to prosecute if he fails to update his address in the time required by Local Civil Rule 83.3.

SO ORDERED this 2d day of September, 2025.

RICHARD E. MYERS II
Chief United States District Judge

3